H. F. BOVARD AND A. N. PERSHING, RECEIVERS, LATROBE-CONNELLSVILLE COAL & COKE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21032.   Promulgated February 21, 1929.

*William F. Knox, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, and *C. L. Lavender, Esq.*, for the respondent.

OPINION.

LANSDON: The original petitioner acquired 3,038 acres of coal in 1905, 1906, and 1907, at an average cost of $727.18 per acre. The total cost of the two separate tracts acquired in 1906 and 1907 was $125,-022.43, and the undepleted coal therein was sold in the taxable year for $46,219.14. The only question submitted to the Board is whether the loss sustained by the sale in the taxable year shall be computed on the basis of the residual cost per acre of the entire tract of 3,038 acres or of the residual cost of the two tracts separately purchased in 1906 and 1907. The parties agree that depletion, as an element in the determination of the loss, has been properly computed and applied to facts.

The respondent based his determination on the admitted fact that the coal sold in 1920 is conclusively identified as the undepleted remainder of the 346.683 acres bought in 1906 and 1907 at a cost which is not in dispute. The petitioner's theory is that the coal which it acquired by successive purchases in 1905, 1906, and 1907 was consolidated into a single property which thereafter was operated as a unit and that the effect of such consolidation and operation was that each of the several parcels of land so consolidated lost its identity as an individual item of assets. If this theory is sound it follows that after such consolidation the cost of any part of the entire acreage, for the purpose of computing gain or loss from the sale thereof, can be determined only by applying to it the average acre cost of the entire tract. These contentions require us to decide whether the coal sold in 1920 shall be considered a part of 3,038 acres acquired at a cost of $727.18 per acre, or as the undepleted remainder of a tract of 346.683 acres that was acquired at a cost of $125,022.43.

In support of its contention the petitioner relies on article 43 of Regulations 45, as amended by Treasury Decision 3206, which prescribes a rule for determining loss or gain from the sale of real estate lots, and is as follows:

*Sale of real estate in lots.* Where a tract of land is purchased with a view to dividing it into lots or parcels of ground to be sold as such, the cost shall be equitably apportioned to the several lots or parcels and made a matter

of record on the books of the taxpayer, to the end that any gain derived from the sale of any such lots or parcels which constitutes taxable income may be returned as income for the year in which the sale was made. This rule contemplates that there will be a measure of gain or loss on every lot or parcel sold, and not that the capital invested in the entire tract shall be extinguished before any taxable income shall be returned. The sale of each lot or parcel will be treated as a separate transaction and the gain or loss will be accounted for as provided in article 1561 as amended.

Instead of supporting the contention of the petitioner, the regulation cited appears to be a direction to the Commissioner to do exactly what has been done in this proceeding, since it clearly sets forth that " the sale of each lot or parcel will be treated as a separate transaction and the gain or loss will be accounted for as provided in article 1561." In the instant proceeding it appears that the Commissioner regarded the acquisition of the various tracts of coal as separate transactions and, knowing the cost, the depletion, and the sales price of the coal sold in 1920, determined the loss on that sale.

Petitioner also cites our decision in *J. S. Cullinan,* 5 B. T. A. 996, as a recognition of the principle for which it contends. In that proceeding the record discloses that Cullinan acquired three contiguous parcels of land at an original cost of $135,030.15; made capital improvements thereon at a cost of $93,353.79; subdivided the entire tract into 24 building lots; sold 20 of such lots for $318,640; presented one to his son and retained the remaining three for his own purposes. In our opinion the cited decision does not sustain the theory of this petitioner. In that case the Commissioner did not determine that the cost of each lot was the average cost of all but, in accordance with assessed valuations, allocated the total cost to the several lots and thereby determined the cost of each. Manifestly such procedure was based on the regulation which requires that the sale of each lot shall be regarded as a separate transaction. Cullinan offered no alternative method for computing the costs of the lots sold. In its decision the Board neither approved nor disapproved the method by which the Commissioner ascertained the cost of each of the several lots and held only that the evidence adduced by the petitioner failed to overcome the presumption that the Commissioner's determination of profit was correct. No rule applicable to the situation herein was established.

The determination of the Commissioner that the original cost of the Welsh and Millwood tracts of 146.683 and 200 acres, respectively, must be regarded as the basis for computing the loss sustained from the sale in the taxable year of the remaining undepleted coal in such tracts, is approved.

*Decision will be entered under Rule 50.*